IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FILED

05 JAN -4 AM 11: 45

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. |
| Plaintiff, ) ) | 1:05CV004 |
| v. ) ) | TLS |
| MERRILL GARDENS, LLC, ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or color, and to provide appropriate relief to Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizabeth Worthman, and a class of non-Caucasian individuals who were adversely affected by such practices. The Commission alleges that Merrill Gardens, LLC, had a pattern or practice of refusing to hire non-Caucasians because of their race and/or color.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4.      At all relevant times, Defendant, Merrill Gardens, LLC (the "Employer") has continuously been a Washington corporation doing business in the State of Indiana and the City of Fort Wayne, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, and Elizebeth Worthman filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least January 1, 2002, Defendant Employer engaged in unlawful employment practices at its Fort Wayne, Indiana, facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Defendant Employer had a pattern or practice of refusing to hire non-Caucasians because of their race and/or color.

8.      The effect of the practice complained of in paragraph 7 above has been to deprive Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizebeth Worthman, and a class

of non-Caucasian individuals of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their race and/or color.

9.  Since at least January 1, 2002, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

10. The unlawful employment practices complained of in paragraphs 7 and 9 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 9 above were done with malice or with reckless indifference to the federally protected rights of Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizebeth Worthman, and a class of non-Caucasian individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in hiring discrimination and any other employment practice which discriminates on the basis of race.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for minorities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizebeth Worthman, and a class of non-Caucasian individuals, by

providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizebeth Worthman, and a class of non-Caucasian individuals.

D. Order Defendant Employer to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

E. Order Defendant Employer to make whole Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizebeth Worthman, and a class of non-Caucasian individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizebeth Worthman, and a class of non-Caucasian individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including embarrassment, humiliation, and emotional pain and suffering, in amounts to be determined at trial.

G. Order Defendant Employer to pay Caroline Advro, Jaela Brownlee, Debra Edwards, William Hill, Elizebeth Worthman, and a class of non-Caucasian individuals punitive damages for its malicious and reckless conduct described in paragraphs 7 and 9 above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington D.C. 20507

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

KENNETH L. BIRD, #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
Email: Kenneth.Bird@eeoc.gov